UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEFTALI DIAZ and AMORILIS
COLLADO, on behalf of themselves and
all others similarly situated,

                 Plaintiffs,

      -against-

S&H BONDI'S DEPARTMENT STORE,
INC. S&S BONDI'S DEPARTMENT
STORE, INC., S&H BARGAIN TIME
STORES, INC. and SAM KARF,
individual

                 Defendants.

**MEMORANDUM**
**OPINION & ORDER**

10 Civ. 7676 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this putative collective and class action, Plaintiffs Neftali Diaz and Amorilis Collado assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law, §§ 650 et seq., on behalf of themselves and all others similarly situated, for failure to pay the statutory minimum wage and overtime compensation. Plaintiffs also assert individual claims for retaliation under the Labor Law. Plaintiffs have moved the court to authorize notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b).[1] Plaintiffs also seek contact information for current and former employees of Defendants who are potential plaintiffs.

---

[1] Plaintiffs styled their motion as one for "conditional certification" (Dkt. No. 13), but "neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA collective action." Amendola v. Bristol-Myers Squibb Co., 558 F. Supp.2d 459, 463 n.1 (S.D.N.Y. 2008). This Court will treat Plaintiffs' motion as a request for the Court to authorize notice to potential opt-in plaintiffs.

For the reasons stated below, Plaintiffs' motion for court-authorized notice will be granted, and Defendants will be directed to provide Plaintiffs with contact information for potential opt-in plaintiffs.

## BACKGROUND

On October 7, 2010, Plaintiffs Diaz and Collado brought suit on behalf of themselves and others similarly situated against their former employer, S&H Bondi's Department Store, Inc., S&S Bondi's Department Store, Inc., S&H Bargain Time Stores, Inc., (collectively "Bondi's"), as well as Solomon "Sam" Kafif,[2] owner of the stores. (Kafif Aff. ¶ 1)  The Complaint alleges that Bondi's employees were not paid in compliance with the statutory minimum wage, and were required to work in excess of forty hours per week without overtime compensation.  (Cmplt. ¶¶ 14-15)  The Complaint alleges that the same compensation policies were in effect at all Bondi's locations. (Cmplt. ¶¶ 9, 31)

Plaintiff Diaz was hired in 2001 as a general store worker.  (Cmplt. ¶ 28) His duties included setting up the sales floor, sales, stocking, cleaning, and cashier work. (Id. ¶ 28)  Diaz worked at Bondi's stores on Jerome Avenue and White Plains Road in the Bronx.  (Valli Aff. Ex. 4 ("Diaz Aff.") ¶ 2)  Diaz claims that he was required to work six days a week from 10:00 a.m. until 8:00 p.m, for a total of sixty hours a week, without any overtime pay.  (Diaz Aff. ¶¶ 4-5; Cmplt. ¶¶ 33-34)  Diaz claims that he was paid $350 per week from July 2004 through July 2006; $400 per week from August 2006 through March 2008; and $500 per week from March 2008 through August 2010.  (Diaz Aff. ¶¶ 8-10)

---

[2] Solomon Kafif is incorrectly named in the caption as "Sam Karf."

2

Plaintiff Collado was hired in 1998 and worked at Bondi's Jerome Ave location until July 2009.  (Cmplt. ¶¶ 29-30)  Like Diaz, Collado was a general store worker who worked approximately 60 hours per week.[3]  (Cmplt. ¶ 36-37)  Collado alleges that she was paid $350 per week.  (Id. ¶ 38)

Diaz and four other Bondi's employees have submitted affidavits alleging that they were required to work over forty hours a week, did not receive the required minimum wage, and were not paid the statutorily required overtime pay.  (Valli Aff. Exs. 1-5)  The affiants also claim that they have spoken with other Bondi's workers who were denied minimum wage and overtime pay.  (Calderon Aff. ¶ 18)  Seven Bondi's workers have filed consent forms to join Plaintiffs' suit.  (Rose Aff., Ex. 3)

Defendants present several arguments in opposition to Plaintiffs' application for court-authorized notice.  Defendants first contend that Plaintiff Diaz is not "similarly situated" to potential opt-in plaintiffs, because Defendants have brought a conversion counterclaim against him alleging that he sold Bondi's merchandise and kept the proceeds.  (Kafif Aff., ¶ 2; see Answer ¶¶ 19-26)  Defendants also object to notice being sent to workers at a Bondi's location where no current plaintiff was ever employed.  (Kafif Aff., ¶ 2)  Defendants further argue that Plaintiffs' motion is premature in light of a number of affidavits they submit from Bondi's workers, in which the workers assert that they have been paid the required minimum wage and do not work more than forty

---

[3] Diaz and Collado claim that Defendants retaliated against them after they questioned Defendants' compensation policies.  (Cmplt. ¶¶ 43-50)  Because the retaliation claims are not the basis for the instant motion, they will not be discussed.

hours per week.  (Kafif Aff., Ex. A)  Finally, Defendants argue that the proposed notice submitted by Plaintiffs is deficient in a number of respects.  (Kafif Aff., ¶¶ 24-31)

Because Plaintiffs have offered sufficient evidence that all general store workers may have been subjected to the allegedly unlawful compensation practices, they have met the lenient standard for obtaining court-authorized notice pursuant to 29 U.S.C. § 216(b).  Accordingly, Plaintiffs will be authorized to send notice to these potential opt-in plaintiffs in the form attached as Appendix A to this Opinion and Order.

## DISCUSSION

**I.     COLLECTIVE ACTIONS AND COURT-AUTHORIZED NOTICE**

**A.     Legal Standard for Obtaining Court-Authorized Notice**

Under the FLSA, an employee may sue on behalf of himself and all other employees who are "similarly situated."  29 U.S.C. § 216(b).  The FLSA permits those similarly situated employees to "opt in" to the litigation and become party plaintiffs by filing a written consent form with the Court.  See Damassia v. Duane Reade, Inc., No. 04 Civ. 8819(GEL), 2006 U.S. Dist. LEXIS 73090, at *7 (S.D.N.Y. Oct. 5, 2006) (citing Masson v. Ecolab, Inc., No. 04 Civ. 4488 (MBM), 2005 WL 2000133, at *13, (S.D.N.Y. Aug. 17, 2005)).  In contrast to the procedures for a class action under Fed. R. Civ. P. 23, "only plaintiffs who affirmatively opt in can benefit from the judgment or be bound by it."  Damassia, 2006 U.S. Dist. LEXIS 73090, at *7 (S.D.N.Y. 2006) (citing Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103-04 (S.D.N.Y. 2003)).

Although § 216(b) does not explicitly address court-authorized notice to potential opt-in plaintiffs, "it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice."  Gjurovich, 282 F. Supp.2d at 104 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (additional

4

citations and internal quotation marks omitted)); see also Amendola, 558 F. Supp.2d at 467 ("Thus, '[a]lthough one might read the [FLSA], by deliberate omission, as not providing for notice, . . . it makes more sense, in light of the "opt-in" provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting notice in an appropriate case.'" (quoting Braunstein v. E. Photographic Labs., Inc., 600 F. 2d 335, 336 (2d Cir. 1978) (per curiam))).

Typically, "a federal court authorizes notice of the litigation to employees after making a preliminary determination that the employees who will be receiving the notice are similarly situated to the plaintiff." Amendola, 558 F. Supp.2d at 467 (citing Lynch v. United Servs. Auto Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). If a plaintiff meets his or her burden to demonstrate that the proposed recipients are in fact "similarly situated," the court authorizes that notice be sent to these potential plaintiffs. Lynch, 491 F.Supp.2d at 368-69. The potential plaintiffs may then opt-in to the lawsuit pursuant to § 216(b) by filing a consent form with the Court. Id.

To demonstrate that proposed recipients of notice are "similarly situated," a plaintiff need "make only a 'modest factual showing' that she and the other putative collective action members 'were victims of a common policy or plan that violated the law.'" Amendola, 558 F. Supp.2d at 467 (quoting Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). The "modest factual showing" requirement is met where plaintiffs offer "'substantial allegations' of a factual nexus between [them] and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." Davis v. Abercrombie & Fitch Co., No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS 86577, at *27 (S.D.N.Y. Oct. 22, 2008) (citing Ayers v. SGS Control Servs., Inc., No. 03 Civ. 9078

(RMB)(RLE), 2004 WL 2978296, at *5 (S.D.N.Y. Dec. 21, 2004); Mendoza v. Casa de Cambio Delgado, Inc., No. 07 Civ. 2579 (HB), 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) (noting that in order to meet the "low bar for allegations required for collective action certification," the plaintiff's complaint or affidavits must allege a factual nexus with other employees of the defendant)). "Plaintiff's burden is minimal because the determination that the parties are similarly situated is merely a preliminary one," and that determination may be modified or reversed after discovery. Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006); see also Damassia, 2006 U.S. Dist. LEXIS 73090, at *9-10 ("a plaintiff's burden at this preliminary stage is 'minimal'"); Wraga v. Marble Lite, Inc., No. 05 Civ. 5038 (JG) (RER), 2006 WL 2443554, at *1-2 (E.D.N.Y. Aug. 22, 2006); Kreher v. City of Atlanta, No. 04 Civ. 2651 (WSD), 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006); Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005); Gjurovich, 282 F. Supp. 2d at 104; Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55 (S.D.N.Y. 2005) (describing plaintiffs' burden as "very limited")).

When evaluating whether court-authorized notice is appropriate, "the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." Davis, 2008 U.S. Dist. LEXIS 86577, at *27-28 (citing Lynch, 491 F.Supp.2d at 368-69)); see also Francis v. A&E Stores, Inc., No. 06 Civ. 1638 (CS)(GAY), 2008 WL 4619858, at *2 (S.D.N.Y. Oct. 15, 2008) ("Plaintiffs must make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law,' but the merits of plaintiff's claims are not evaluated until later in the litigation." (quoting Hoffmann, 982 F. Supp. at 261-62 (S.D.N.Y. 1997)). Indeed, in considering such a

motion, "[a] court need not evaluate the underlying merits of a plaintiff's claims . . . ." Damassia, 2006 U.S. Dist. LEXIS 73090, at *10 (citing Scholtisek, 229 F.R.D. at 391; Gjurovich, 282 F. Supp. 2d at 105; Hoffmann, 982 F. Supp. at 262).  Because courts do not weigh the merits of the claim, extensive discovery is not necessary at the notice stage.  See Masson, 2005 WL 2000133, at *15 (noting that defendant's stated need for "extensive" discovery does "not bear on whether this case can proceed as a collective action.  Indeed, approval of this collective action is for purposes of discovery as well as notice.").  Plaintiffs may satisfy their "minimal" burden by relying on their own pleadings and affidavits, or the affidavits of other potential class members.  Anglada v. Linens 'N Things, Inc., No. 06 Civ. 12901(CM)(LMS), 2007 WL 1552511, at *4 (S.D.N.Y. Apr. 26, 2007).

It should be noted that the standard for class certification under Federal Rule of Civil Procedure 23 is not relevant to an FLSA collective action.  Unlike under Rule 23, "'no showing of numerosity, typicality, commonality, or representativeness need be made.'"  Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (quoting Young, 229 F.R.D. at 54).  As a result, the "similarly situated" standard for authoring that notice be made to potential opt-in plaintiffs is "considerably more liberal than class certification under Rule 23."  Id.

"Plaintiffs who opt in to a collective action after a court authorizes notice do not necessarily remain parties to the action through trial.  After discovery, courts typically engage in a 'second tier' of analysis to determine on a full record – and under a more stringent standard – whether the additional plaintiffs are in fact similarly situated . . . .  If the factual record reveals that the additional plaintiffs are not similarly situated to

the original plaintiffs, the collective action is 'decertified,' and the claims of the opt-in plaintiffs are dismissed without prejudice." Damassia, 2006 U.S. Dist. LEXIS 73090, at *11 (citing Lee, 236 F.R.D. at 197; Scholtisek, 229 F.R.D. at 387)).

### B. Analysis

Here – in submitting affidavits from Diaz and four other Bondi's employees (Valli Aff., Exs. 1-5) – Plaintiffs have satisfied their minimal burden of showing that similarly situated employees exist. Courts regularly authorize notice to potential opt-in plaintiffs based on employee affidavits setting forth an employer's failure to pay required minimum wage or overtime compensation. See, e.g., Sipas v. Sammy's Fishbox, Inc., No. 05 Civ. 10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006); Masson, 2005 WL 2000133, at *14. Here, the affiants allege that they were not paid the required minimum wage and that they worked more than forty hours per week and were not paid overtime. The affidavits make the required "'modest factual showing' that [the affiants] and the other putative collective action members 'were victims of a common policy or plan that violated the law.'" Amendola, 558 F. Supp. 2d at 467 (citing Realite, 7 F.Supp.2d at 306 (collecting cases).)

#### 1. Plaintiffs' Motion is Not Premature

Defendants argue that factual disputes concerning hours worked, pay received, and Diaz's ability to serve as a representative render Plaintiffs' motion premature. The standard for court-authorized notice under the FLSA does not require resolution of these factual issues, however. Plaintiffs have put forth sufficient evidence supporting a preliminary determination that the employees who will receive the notice are similarly situated to them. The factual issues raised by Defendants "do not bear on

whether this case can proceed as a collective action." Masson, 2005 WL 2000133, at *15. While Defendants dispute how many hours Plaintiffs worked and deny that their policies violate the FLSA, these issues go to the merits of the case, and are not appropriate for resolution now. Fasanelli v. Heartland Brewery, Inc.. 516 F.Supp.2d 317, 322 (S.D.N.Y. 2007); Hoffmann, 982 F.Supp. at 262 ("the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist here.").

### 2. Diaz is "Similarly Situated" to the Potential Opt-in Plaintiffs

Defendants argue that Diaz is not "similarly situated" to the potential opt-in plaintiffs because of the conversion allegations set forth in their answer, and because he allegedly arrived late to work and left early. Diaz's adequacy as a named plaintiff is not the issue, however.[4]

"The proper inquiry in a § 216(b) determination is whether plaintiffs are similarly situated <u>with respect to their allegations that the law has been violated</u>." Chowdhury v. Duane Reade, No. 06 Civ. 2295(GEL), 2007 WL 2873929, at *5 (S.D.N.Y. Oct. 2, 2007) (emphasis in original) (citation omitted). As Plaintiffs have made this showing based on the Complaint and supporting affidavits, any other inquiries are irrelevant at this juncture. "[O]nce Plaintiffs have met their burden at the notice stage, Defendant cannot overcome Plaintiff's showing by arguing that individual issues

---

[4] The cases cited by Defendants are therefore inapposite. Both Guzman v. VLM Inc., No. 07 Civ. 1126 (JG)(RER) 2008 WL 597186 at *1 (E.D.N.Y. Mar. 2, 2008) and Savino v. Computer Credit Inc., 164 F.3d 81 (2d Cir. 1998) deal with the adequacy of a named plaintiff at the Rule 23 certification stage. As noted above, Rule 23 has no applicability when considering a motion for court-authorized notice under § 216(b) of the FLSA.

may dominate; rather, if after notice to the putative plaintiffs it appears that individual issues do in fact dominate, the Defendant may move the Court to decertify the class." Francis v. A & E Stores, Inc., 2008 WL 4619858 at *3 (citing White v. MWP Industrial Servs., 236 F.R.D. 363, 373 (E.D.Tenn. 2006)).

The conversion counterclaim against Diaz is not relevant to the question of whether Diaz, Collado, and others like them suffered violations of the FLSA. Arguments about the merits, or about the credibility of Diaz, are misplaced at this time.[5] Davis, 2008 U.S. Dist. LEXIS 86577, at *27-28 (at notice stage, "the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations" (citing Lynch, 491 F.Supp.2d at 368-69)).  Courts have authorized notice where similar allegations have been made against named plaintiffs.  See Cohen v. Gerson Lehrman Grp., 686 F. Supp.2d 317, 321 (S.D.N.Y. 2010) (authorizing notice where defendant had filed counterclaim against named plaintiff); Fortna v. QC Holdings Inc., No. 06-CV-0016 (CVE) (PJC), 2006 WL 2385303, at *9 (N.D.Okla., Aug. 16. 2006) (authorizing notice where defendants had brought conversion counterclaim against named plaintiff).

Defendants also allege that Diaz was a department manager, and therefore had duties and responsibilities different from those of potential opt-in plaintiffs.  (Kafif Aff., ¶ 4)  This assertion is contradicted by the Complaint and the supporting affidavits, which state that Diaz was a general store worker.  (Diaz Aff., ¶¶ 2-3)  "The Court will not "wade into a thicket of competing factual assertions at this preliminary stage," nor will it

---

[5] Moreover, Defendants have made no such allegations against Collado, and do not claim that she is not similarly situated to potential opt-in plaintiffs.

make credibility determinations.  Cohen, 686 F. Supp.2d at 326, 330 (declining to address at the certification stage allegations that plaintiff's job responsibilities varied from those of other associates); see also Vaughan v. Mortg. Source, LLC., No. 08 CV 4737 (LDW)(AKT), 2010 WL 1528521, at *7 (declining to assign weight to defendants' competing affidavits and reasoning that "[a]ttacks on credibility . . . are not properly addressed in the context of a motion for conditional certification").  Defendants are free to argue after discovery that Diaz is not similarly situated.[6]

### 3. Notice May be Given to Potential Opt-In Plaintiffs Who Worked at All Bondi's Locations

Defendants assert that notice should not be provided to workers at one of the Bondi's locations because none of the affiants worked at this location.  Plaintiffs have alleged a common policy or plan in which Defendants failed to pay minimum wage and overtime compensation at all of their stores, however.  Indeed, the Complaint alleges that Defendant Kafif owns all three Bondi's stores, and that employees at the different locations were all subject to the same policies. (Cmplt. ¶¶ 11, 14, 31)  In his affidavit, Diaz alleges that one manager – Jack Marachil – was responsible for overseeing all of the stores.  (Diaz Aff., ¶ 26)

These allegations are sufficient to satisfy Plaintiffs' minimal burden at this stage of the litigation.  Schwerdtfeger, 2011 WL 2207517, at *3.  Plaintiffs need only make a "modest factual showing" that the named plaintiffs and prospective plaintiffs

---

[6] Moreover, "it is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties" as the named plaintiffs. Rosatio v. Valentine Ave. Discount Stores, No. 10 Civ. 5255 (ERK)(LB), 2011 WL 5244965, at *7 (E.D.N.Y. Nov. 2, 2011) (citing Cano v. Four M Food Corp., No. 08 Civ. 3005 (JFB)(AKT) 2009 U.S. Dist. LEXIS 7780, at *20-22 (collecting cases)).

were victims of "a common policy or plan that violated the law." Lynch, 491 F.Supp.2d at 368.  Courts have found employees "similarly situated" for purposes of the FLSA where they performed different job functions or worked at different locations, as long as they were subject to the same allegedly unlawful policies.  The fact that employees worked at different locations does not mean that they are not entitled to notice of this lawsuit.  Harhash v. Infinity West Shoes, No. 10 Civ. 8285 (DAB), 2011 WL 4001072, at *3 (S.D.N.Y. Aug. 25, 2011); see also Karic v. The Major Automotive Companies, Inc., No. 09 CV 5708(ENV), 2011 WL 3235703, at *6 (E.D.N.Y. July 20, 2011) (authorizing notice to employees at locations where named plaintiffs never worked, where named plaintiffs alleged that the same pay policies applied to all of defendants' locations).

Because Plaintiffs have satisfied their burden of setting forth specific facts demonstrating that they are "similarly situated" to employees at all Bondi's locations, notice of this lawsuit will be provided to employees who work at, or formerly worked at, all three Bondi's locations.

### C. Form of Notice

Perhaps because § 216(b) does not expressly provide for court-authorized notice to potential opt-in plaintiffs in an FLSA collective action, questions regarding the form and content of such notice are largely left to the Court's discretion.  See In re Penthouse Exec. Club Comp. Litig., No. 10 Civ. 1145(NRB), 2010 WL 4340255, at *4-5 (S.D.N.Y. Oct. 27, 2010) ("[T]he district court has discretion regarding the form and content of the notice."); Gjurovich, 282 F.Supp.2d at 105-06 ("No courts have specifically outlined what form court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain."); ABC Carpet, 236 F.R.D. at 202

("[T]he Supreme Court has noted that the "details" of notice should be left to the broad discretion of the trial court.") (citing Hoffmann-La Roche v. Sperling, 493 U.S. 165, 170 (1989)).  Defendants argue that Plaintiffs' proposed notice (Rose Aff., Ex. 4) is deficient in a number of respects.  Defendants' objections are considered seriatim below.

### 1. Information Regarding Defendants' Attorney

Defendants argue that Plaintiffs' proposed notice should list defense counsel.  Courts in this District have granted such requests, see Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F.Supp.2d 445, 450-451 (S.D.N.Y. 2011) ("Defendants' request to include defense counsel's contact information is . . . . reasonable, and the notice should be so amended."), on the theory that defense counsel could serve as a potential source of information for recipients.  See Bah v. Shoe Mania, No. 08 Civ. 9380(LTS)(AJP), 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (requiring inclusion of contact information for defense counsel)).  However, this information will be listed under a separate heading entitled "COUNSEL" rather than in the section entitled "FURTHER INFORMATION" in order to avoid confusion.  See Whitehorn, 767 F.Supp.2d at 450-51.

### 2. Right to Retain Separate Counsel

The approved notice will state that participating plaintiffs may retain their own counsel.  Whitehorn, 767 F.Supp.2d at 450-51 (citing Shajan v. Barolo Ltd., No. 10 Civ. 1385(CM), 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) ("the notice should say that anyone who consents to participate has the right to hire his/her own attorney, at his/her own expense."); Garcia v. Pancho Villa's, 678 F.Supp.2d 89, 95 (E.D.N.Y. 2010) (directing plaintiffs "to modify the proposed Notice so that potential plaintiffs are

informed that they may retain their own counsel, should they choose to join the within litigation, as an alternative to Plaintiffs' counsel's firm.").

### 3. Mention of Counterclaim and Costs

Defendants argue that the notice should disclose their counterclaim against Diaz as well as potential costs that opt-in plaintiffs might incur.

"Courts in this Circuit have generally disapproved of including language indicating . . . the possible costs of litigation 'given the remote possibility that such costs for absent class members would be other than de minimis, as well as the risk of an in terrorem effect that is disproportionate to the actual likelihood of significant costs.'" Schwerdtfeger, 2011 WL 2207517, at *6 (quoting Lujan v. Cabana Mgmt., Inc., No. 10 Civ. 755, 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011). The approved notice will therefore not include a reference to potential costs of the litigation.

Defendants' request that potential plaintiffs be warned that they may be liable for counterclaim damages will likewise be denied. Defendants' conversion counterclaim names only Diaz. See Whitehorn, 767 F.Supp.2d at 451 (citing Guzman v. VLM, Inc., No. 07 Civ. 1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) (rejecting such language because it "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree")); see also Harhash, 2011 WL 4001072, at *5 (denying defendants' request to add language regarding counterclaims).

### 4. Place and Date for the Return of Opt-in Forms

The proposed notice does not include a date by which the consent form must be returned. Plaintiffs propose 90 days. Many courts in this district have set a 60-

day period. See, e.g., Bah, 2009 WL 1357223, at *3 (using 60-day period); Gjurovich, 282 F.Supp.2d at 107 (same); Bowens v. Atl. Main. Corp., 546 F.Supp.2d 55, 85 (E.D.N.Y.2008) (noting that courts "have held that a sixty (60)-day period is sufficient for the return of Consent Forms"). While some courts have set 90-day opt-in periods, such rulings have generally been on consent or where special circumstances indicate that an extended opt-in period is appropriate. See In re Milos Litig., No. 08 Civ. 6666(LBS), 2010 WL 199688, at *2-3, (S.D.N.Y. Jan. 11, 2010) (90 days); Fang v. Zhuang, No. 10-CV-1290 (RRM)(JMA), 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010) (providing for 90-day period "in light of the frequent, long-term international travel of many of the prospective plaintiffs"). Here, Plaintiffs do not argue that the circumstances of this case require an extended period, and the Court is aware of no reason why 60 days would be insufficient. Accordingly, the approved notice will require opt-in plaintiffs to consent to join the action within 60 days of the notice mailing date.

As for where consent forms are to be returned, Defendants argue that they should be returned to the Court, while Plaintiffs ask that they be returned to Plaintiffs' counsel's office. Courts have split on this issue. Compare Hallissey v. Am. Online, Inc., 99 Civ. 3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (requiring consent forms to be mailed to the Court because of concerns that a contrary ruling might discourage opt-in plaintiffs from retaining their own counsel) with Francis v. A & E Stores, Inc., 2008 WL 4619858 (approving notice that required consent forms to be sent to plaintiff's counsel). This Court concludes that the consent forms should be returned to the Clerk of the Court. The consent forms should also be modified to reflect the docket

number of this action and to permit recipients to indicate whether they agree to be represented by Plaintiffs' counsel or have decided to retain separate counsel.

### 5. Stating Allegations as Fact

Defendants complain that the third paragraph of the proposed notice – the "Description of the Lawsuit" section – discusses the alleged FLSA violations as if they were fact. The Court has amended this section in the approved notice attached as Appendix A.

### 6. Providing Translation of Consent Forms

The affidavits submitted in support of the Complaint are all in Spanish. See Valli Aff., Exs. 1-5. It is therefore reasonable to assume that many potential opt-in plaintiffs speak Spanish. Accordingly, the approved notice is to be provided to potential opt-in plaintiffs in both English and Spanish. See Gujarovich, 282 F.Supp.2d at 108.

## D. Contact Information for Potential Opt-In Plaintiffs

Plaintiffs ask the Court to order Defendants to produce contact information for current and former employees of Defendants who are potential opt-in plaintiffs, so that notice and consent forms may be sent to them. Defendants are ordered to provide Plaintiffs – by January 20, 2012 – the names, last known addresses, telephone numbers, and dates of employment of all potential opt-in plaintiffs who have worked for Defendants within the three years[7] preceding the date of this Order.

---

[7] Defendants do not object to the three-year time period. The statute of limitations under the FLSA is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion for court-authorized notice is GRANTED.  Plaintiffs are to submit a revised copy of the proposed notice, and the proposed consent form, for final Court review by January 24, 2012.  Defendants will submit to the Court any comments concerning these documents by January 27, 2012.

The Clerk of the Court is directed to terminate the motion (Dkt No. 13).

Dated: New York, New York
        January 17, 2012                SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

---

action certification process." Fasanelli, 516 F.Supp.2d at 323 (authorizing notice to individuals employed by defendants over the past three years).  Accordingly, notice shall be sent to potential opt-in plaintiffs who worked for Defendants in the three years preceding the date of this Order.

**APPENDIX A**

FROM: The Law Office of Borrelli & Associates, PLLC

TO: Current and former employees of Bondi's Stores, who were employed by S & H Bondi's Department Store, Inc., S&S Bondi's Department Store, Inc., S &H Bargain Time Stores, Inc. since January 17, 2009 as non-managerial employees.

RE: Fair Labor Standards Act Lawsuit filed against Bondi's and Bargain Time Department Stores and Solomon Kafif.

The purpose of this Notice is to inform you of the existence of a collective action lawsuit against Bondi's and Bargain Time stores, and Solomon Kafif ("Defendants"), in which you potentially are "similarly situated" to the named Plaintiffs, to advise you of how your rights may be affected by this suit, and to instruct you on how you may participate in this suit.

**DESCRIPTION OF THE LAWSUIT**

The lawsuit claims that Defendants violated the Federal Fair Labor Standards Act ("FLSA") and the New York Labor Laws by failing to adequately compensate their employees for hours worked and for failing to pay the overtime rate for hours worked in excess of 40 per week.

The lawsuit seeks to have Defendants pay current and former employees for unpaid wages and overtime pay, as well as liquidated damages and attorney's fees and costs.

Defendants deny the claims in this lawsuit and deny that they are liable to workers for any of the back pay, damages, costs or attorney's fees sought.

1. WHO IS ELIGIBLE TO JOIN THE LAWSUIT?

If you were employed at any of Bondi's or Bargain Time's locations as a general (non-managerial) employee since January 17, 2009 you are eligible to join the lawsuit.

2. HOW DO I JOIN THE LAWSUIT?

If you fit the definition above, you may join this case (that is, you may "opt-in") by completing and mailing the attached "Consent to Become Party Plaintiff" form to:

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The completed form must be returned to the Court by **[60 days after mailing date].** If you fail to return the Consent to Become Party Plaintiff form to the Court on or before the above deadline, you may not be able to participate in this lawsuit.

You have the right to allow Borelli & Associates PLLC to represent your interests in this lawsuit, or to choose your own counsel.


3. TO JOIN THE LAWSUIT AND NOT BE REPRESENTED BY PLAINTIFFS' COUNSEL

You have a right to consult with an attorney about this matter. If you wish to be represented by other counsel, you may retain another attorney, but you will be responsible for paying that attorney.

If you do choose to retain a separate attorney, your attorney must file an "opt-in" consent form by **[60 days after mailing date]**


4. EFFECT OF JOINING THIS SUIT

If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable.

The attorney for the Plaintiffs is being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

If you sign and return the Consent to Become Party Plaintiff form attached to this Notice, you are agreeing to designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.


5. TO STAY OUT OF THE LAWSUIT

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or

affected by the result (whether favorable or unfavorable).  Your decision not to join this case will not affect your right to bring a similar case on your own at a future time.

6. NO RETALIATION PERMITTED

Federal law prohibits defendants Bondi's and Solomon Kafif from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act.

7. COUNSEL

Plaintiffs' counsel is Michael J. Borelli, The Law Office of Borrelli & Associates, PLLC, One Old Country Road, Suite 347, Carle Place, NY 11530.  Phone: (516) 248-5550; Fax: (516) 248-6027; Email: mjb@employmentlawyernewyork.com

Defense counsel is Richard M. Howard, Meltzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Avenue, Mineola, NY 11501. If you decide to join this case, you should not contact the defendants' lawyer directly yourself.

8. FURTHER INFORMATION

For further information about this Notice, the deadline for filing a Consent to Become Party Plaintiff, or any other questions concerning this lawsuit, contact Plaintiffs' counsel by telephone, email, or mail at the telephone number and addresses stated in Paragraph 7 above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE JUDGE PAUL G. GARDEPHE, UNITED STATES DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.  THE COURT HAS NOT MADE ANY DECISION ON THE MERITS OF THIS LAWSUIT AND EXPRESSES NO OPINION REGARDING ANY ALLEGATIONS SET FORTH THEREIN.**

Dated: New York, New York

_____, 2012